UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| TORRIE WRIGHT, Appointed Administrator of the Estate of DONALD J. CHATMAN, JR., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:23 CV 195 |
| LAKE COUNTY, *et al.*, | ) ) | |
| Defendants. | ) | |

**OPINION and ORDER**

**I.     BACKGROUND**

Donald J. Chatman, Jr., was a pretrial detainee in the Lake County Jail when he

died in 2023. (DE # 24.) Plaintiff Torrie Wright is the Appointed Administrator of

Chatman's estate. (*Id.*) According to the complaint, Chatman suffered from serious

mental illness while he was held as a detainee (DE # 48 at 5), but received an abject lack

of medical or mental health treatment. (*Id.* at 7.) The complaint further alleges that after

Chatman had spent two weeks consuming little to no food or liquids, jail staff

administered an antipsychotic medication but failed to monitor and observe him

thereafter. (*Id.* at 10.) Chatman was found lifeless in his cell twelve hours after the

medication was administered. (*Id.* at 11.)

Plaintiff sued numerous defendants, including Lake County, under 42 U.S.C.

§ 1983 for violations of Chatman's constitutional rights. (*Id.*) Before the court is the

motion to dismiss filed by Correctional Health Indiana, Inc. ("CHI"), and its President

and CEO, Dr. William Forgey, to dismiss some of plaintiff's claims. (DE # 54.)

## II.    LEGAL STANDARD

Defendants move to dismiss the claims against them under Federal Rule of Civil

Procedure 12(b)(6). A court reviewing a complaint pursuant to Rule 12(b)(6) must

construe the allegations in the complaint in the light most favorable to the non-moving

party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor

of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.,* 896 F.3d 834,

839 (7th Cir. 2018).

Under the liberal notice-pleading requirements of the Federal Rules of Civil

Procedure, the complaint need only contain "a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal

pleading standard is quite forgiving, . . . the complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City*

*of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S.

544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To meet this standard, a complaint does not need detailed factual allegations, but

it must go beyond providing "labels and conclusions" and "be enough to raise a right to

relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must give

"enough details about the subject-matter of the case to present a story that holds

together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). Even if the truth of

the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot

dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as

true, a plaintiff has "nudged their claims across the line from conceivable to plausible."

*Twombly*, 550 U.S. at 570.

## III.    DISCUSSION

### A.    Dr. Forgey's Liability Under Section 1983

Defendants first argue that plaintiff fails to plausibly allege that Dr. Forgey, the

President and CEO of CHI, was personally involved in depriving Chatman of his

constitutional rights in violation of Section 1983. It is well-established that a Section 1983

plaintiff may not rely solely on the doctrine of *respondeat superior. Monell v. N.Y. City*

*Dep't of Soc. Servs.,* 436 U.S. 658, 690-91 (1978). Put another way, supervisory employees

are not liable under Section 1983 simply because they are in charge of a wrong-doer. *See*

*id.* Rather, a supervisory employee must have personal involvement in the

constitutional deprivation to be held liable. *Gonzalez v. McHenry Cnty., Ill.,* 40 F.4th 824,

828 (7th Cir. 2022).

In a similar case in this district, the court considered the sufficiency of a

plaintiff's allegations that Dr. Forgey knew about the victim's condition and denial of

medical care, failed to transport him to surgery, and inadequately supervised and

trained staff. *Hullinger v. Forgey,* No. 2:20-CV-417 -PPS-JEM, 2021 WL 1264914, at \*6

3

(N.D. Ind. Apr. 5, 2021). The court held that, while the allegations were "fairly skimpy,"

they still plausibly alleged that Dr. Forgey bore personal responsibility under Section

1983. *Id.* Similarly, in this case, plaintiff has alleged that Dr. Forgey knew of Chatman's

deteriorated condition and mental illness, yet did nothing to ensure he was properly

treated and monitored. (DE # 48 at ¶¶ 20, 27, 42, 43.) Like the allegations in *Hullinger,*

plaintiff's allegations are "fairly skimpy" but nonetheless state a plausible claim under

the standards set forth by Rule 8 and *Twombly*. The motion to dismiss is denied as to

this claim.

**B.      CHI's Liability Under Section 1983**

Defendants argue that plaintiff impermissibly relies on the theory of *respondeat*

*superior* with respect to the complaint's Section 1983 claim against CHI. According to

defendants, this claim should be dismissed. The court grants the motion to dismiss on

this claim, as the unavailability of *respondeat superior* liability under Section 1983 is well-

settled. *Monell,* 436 U.S. at 690-91.

**C.      Indemnification**

Finally, defendants argue that plaintiff's claim seeking indemnification by CHI is

premature and should be dismissed. The argument is well-taken. This court only has

subject-matter jurisdiction over a case in which the controversy is ripe, and a claim is

not ripe if it rests upon contingent future events that may not occur as anticipated, or

may not occur at all. *Texas v. United States,* 523 U.S. 296, 300 (1998). Thus, any claim for

indemnification is not ripe until liability has been established, and plaintiff's claim must

4

be dismissed without prejudice. *Wilborn v. Hutton*, No. 3:23-CV-00910-CCB-MGG, 2024

WL 3916238, at *4 (N.D. Ind. Aug. 23, 2024);  *Smith v. Lake County*, No. 2:15-CV-123, 2017

WL 568590, at *9 (N.D. Ind. Feb. 13, 2017); *Hobson v. Dominguez,* No. 210-CV-429-TLS,

2012 WL 4361537, at *16 (N.D. Ind. Sept. 24, 2012).

## IV.    CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (DE # 54) is

**GRANTED, in part, and DENIED, in part**.

**SO ORDERED.**

Date: March 5, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT
